UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 14-CR-271-YGR |
| Plaintiff, | **AMENDED TRIAL SETTING ORDER AND PRETRIAL SCHEDULE** |
| vs. | |
| AYMAN SHAHID, | |
| Defendant. | |

The Court and counsel have conferred and the parties being agreeable to a continuance of the trial date in the above-referenced case, and having considered the record in this action, the arguments of all parties, and for good cause shown, the Court enters the following orders:

1. **Trial Date:**  The trial of this matter shall be continued from March 9, 2015 to August 31, 2015, at 8:30 a.m. in Courtroom 1 of the above-referenced Court.  The parties are advised that jury selection may be advanced to the Friday prior to the start of trial.  The Court will make the final determination on this issue at the Pretrial Conference.

   Trial schedule will generally be as follows:  Monday through Friday, from 8:30 a.m. to 1:30 p.m., with two fifteen minute breaks.  Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court.  Side bars are not permitted.  Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours.

2. **Defendant's Pending Motion to Dismiss:**

   a. The Government's opposition is due on February 17, 2015.

   b. The Defendant's reply is due on February 24, 2015.

   c. The hearing on the motion shall be on March 10, 2015, at 11:00 a.m.

3. **<u>Discovery</u>:**  The Government shall produce any remaining Jenks Act material, and designate any Rule 404(b) evidence and co-conspirator statements it intends to offer at trial no later than thirty-seven (37) days prior to the trial date.

4. **<u>Pretrial Conference</u>:**

   a.  A pretrial conference shall be held on August 14, 2015, at 9:30 a.m.

   b.  The parties shall comply with Local Rule 17.1-1(b) and the Court's Standing Order in Criminal Cases and shall timely file the pretrial conference statement addressing all fifteen (15) issues addressed therein and all related filings no later than seven (7) days prior to the pretrial conference.

   c.  The Government shall disclose any Henthorn or Giglio information to the defense by the date that the witness lists are due to be filed.

5. **<u>Motions in Limine</u>:**  Not less than twenty-one (21) days prior to the pretrial conference, the parties shall serve, but not file, motions in limine.  Not less than fourteen (14) days prior to the pretrial conference, the parties shall serve any oppositions thereto.  The parties shall then meet and confer to resolve the motions. Any motions not resolved shall be filed not less than seven (7) days prior to the pretrial conference.  The parties shall submit one JOINT CHAMBERS  set, including collating the motion with the respective opposition.  The proponent of the motion shall also submit a COMPREHENSIVE proposed form of order summarizing each motion and the requested relief.

   The Court hereby orders that witnesses shall be excluded until testimony is completed.  The Parties are ordered to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation, the striking of the witness's entire testimony.

6. **<u>Exhibits and Exhibit Lists</u>:** No witness may be shown any document or other object until it has been marked for identification using an exhibit number.  The jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court.

To the extent agreed upon, the parties shall file Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box.  When printing and providing these documents to the Court, please use the "portrait" orientation only.  (Do not use "landscape" orientation.)  A sample format is provided below:

| Ex. No | Description | Sponsoring Witness | Stipulation to Admit | Objection | Date Admitted |
|--------|-------------|--------------------|--------------------|-----------|---------------|
|        |             |                    |                    |           |               |
|        |             |                    |                    |           |               |
|        |             |                    |                    |           |               |

A binder of anticipated exhibits shall be provided to the Court no later than seven (7) days prior to the pretrial conference.  Physical evidence must also be pre-marked.  For purposes of the Court's binder of anticipated exhibits, a picture of any physical evidence should be taken and placed in the binder.

The parties are advised to review their exhibits critically and determine whether sub-designations are appropriate for both the record and rulings on any potential objections.

For instance, if an exhibit consists of a series of pictures, rather than designate the exhibit collectively as Exhibit 1, each picture should have a designation, *i.e.*, Exhibit 1-A, 1-B, 1-C, 1-D, 1-E and 1-F.  Further, to the extent that the evidence includes voluminous records, the Court may not need a copy set of the entire exhibit and will consider proposals for reducing the amount of paper necessary to be included, including use of digital forms of media and/or summaries.

7. **Equipment:** Computers, projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used.  Arrangements may be made with the Courtroom Deputy, Frances Stone, at (510) 637-3540, as to the appropriate time for doing so.  The U.S. Marshals require a court order to allow equipment.  Any party needing such an order must file a request and proposed order.

8. **<u>Failure to Comply</u>:**  Failure to comply with the obligations set forth in this order will result in sanctions commensurate with the gravity of the failure.

9. **<u>Speedy Trial Act</u>:**  The Court understands that the parties request that the Court exclude time under the Speedy Trial Act between March 9, 2015, and August 31, 2015. The parties stipulate that the time is excludable from the time limitations of the Speedy Trial Act because the interests of justice are served by granting a continuance, pursuant to Title 18 U.S.C. § 3161(h)(1)(D), (7)(A), and (B)(iv).  Such continuance is required because government counsel has produced voluminous discovery, and defense counsel needs the time to review the discovery and prepare motions, and because of defendant's pending motion to dismiss counts two through sixteen of the Indictment. The continuance will allow reasonable time necessary for effective preparation and continuity of counsel, taking into account the existence of due diligence.  As such, and pursuant to the parties' stipulation, the Court excludes time between March 9, 2015 and August 31, 2015 under Title 18 U.S.C. § 3161(h)(1)(D), (7)(A) and (B)(iv).  The Court notes that counsel for Defendant Shahid have represented that they have consulted with their client regarding this delay and his right to a speedy trial, and confirm that he knowingly and voluntarily agrees to the delay and waives his right to a speedy trial.

   **IT IS SO ORDERED.**

DATE:  January 6, 2015


_____
THE HON. YVONNE GONZALEZ ROGERS
United States District Court Judge