UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AYMAN SHAHID,<br><br>Defendant. | Case No.14-cr-00271-YGR-1<br><br>**ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 105 |

Now before the Court is non-party Arielle Field's motion for an order to show cause directed to the United States, Fatima Shahid, and Ted Gyi, as to why this Court should not appoint a special prosecutor to investigate whether the conduct of Fatima Shahid and Ted Gyi, which allegedly occurred during the sentencing of Ayman Shahid constitutes criminal contempt. (Dkt. No. 105.) Having carefully considered the pleadings and fully-briefed motions, the hearing held on October 5, 2017, and for the reasons set forth below, the Court hereby **DENIES** Field's motion.

**I.    Relevant Factual Background**

On March 16, 2017, this Court sentenced Ayman Shahid to a custodial term of 46 months; three years supervised release; and a $50,000 fine and $100 special assessment on one count of conspiracy to commit bank fraud pursuant to 18 U.S.C. §§ 1344 and 1349. (Dkt. No. 89.) Field asserts that immediately prior to and during the sentencing hearing Fatima Shahid (i) threatened and intimated her, and (ii) caused her associate Ted Gyi to threaten and intimate her, in order to prevent Field from exercising her right to attend a public proceeding.

Specifically, Field avers that as she approached the courthouse, Fatima Shahid yelled "Fuck you. You have some nerve being here. I have police reports on you. I'm going to get you. You better watch out if you know what's good for you. You better get out of here if you know what's good for you." (Dkt. No. 105-2 ¶ 2, Ex. 2 ("Field Dep.") at 27:15-29:12; Ex. 3 ("Laventer

Dep.") at 30:2-30:16.) While inside the courthouse but still outside the courtroom doors, Fatima Shahid allegedly pointed out Field to a group of men. (Field Dep. at 56:6-58:2.) Thereafter, Field alleges that Ted Gyi directed obscene sexual gestures towards her. (Field Dep. at 57:23-58:2, 105:6-106:9; Laventer Dep. at 69:9-70:18.)

Once inside the courtroom, Field claims that Fatima Shahid appeared to direct Gyi to sit near Field. (Field Dep. 65:13-66:10.) Ted Gyi did so, and allegedly pressed up against the leg of Field's companion, Lauren Laventer. (Laventer Dep. 42:1-6.) Field asserts that as Gyi was getting up from the pew, he placed his hand on the center of Laventer's thigh. (Laventer Dep. 63:6-22.) Before sentencing was complete, Field and Laventer left the courtroom because they were apparently afraid for their safety. (Field Dep. 89:7-90:11; Laventer Dep. 67:15-68:25.) The parties advise that Field filed a related assault and battery action against Fatima Shahid in state court four days after the alleged conduct occurred, *Arielle Field v. Fatima Shahid et al.*, Case No. 37-2017-0009998 (San Diego Superior Court, filed March 20, 2017), but waited at least three months to direct the conduct to the attention of the Assistant United States Attorney in Ayman Shahid's criminal case and more than six months to file this motion.[1]

Based on this episode, Field moved for the instant order to show cause.

**II. Legal Standard**

    **A. Criminal Contempt**

Under 18 U.S.C. § 401, a "court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as-- (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice . . . ." "Criminal contempt requires: 'misbehavior of a person, in or near to the presence of the court, which obstructs the administration of justice, and which is committed with the required degree of criminal intent.'" *In re Sealed Case*, 627 F.3d 1235, 1237 (D.C. Cir. 2010) (quoting *United States v. McGainey,* 37 F.3d 682, 684 (D.C. Cir. 1994)); *see also American Airlines, Inc. v. Allied Pilots Ass'n,* 968 F.2d 523, 531 (5th Cir. 1992); *Vaughn v. City of Flint,* 752 F.2d 1160,

---
[1] At the hearing held in this Court on October 5, 2017, Field's counsel was unable to explain this significant delay.

2

1167 (6th Cir. 1985); *United States v. Seale,* 461 F.2d 345, 366-67 (7th Cir. 1972). Conduct constituting criminal contempt can "occur in the absence of ongoing court proceedings or once the proceedings have concluded. Misbehavior in the courtroom, at any time, carries the potential to obstruct justice." *In re Sealed Case*, 627 F.3d at 1237.

### B. Appointment of a Special Prosecutor

"To maintain the separation of powers, judges are generally forbidden from undertaking tasks more properly accomplished by the executive branch." *Flint v. City of Belvidere*, 791 F.3d 764, 769 (7th Cir. 2015); *see also United States v. Courtland,* 642 F.3d 545, 549–50 (7th Cir. 2011) (quoting *Morrison v. Olson,* 487 U.S. 654, 680–81 (1988)). "[P]rosecution of crimes is a quintessentially executive function." *Flint,* 791 F.3d at 769 (quoting *Morrison,* 487 U.S. at 706; *see also Watts v. Indiana,* 338 U.S. 49, 54 (1949).

However, the Supreme Court has held that "it is long settled that courts possess inherent authority to initiate contempt proceedings for disobedience to their orders." *Young v. U.S. ex rel. Vuitton et Fils S.A.,* 481 U.S. 793 (1987)). "Contempt proceedings are designed to serve the limited purpose of vindicating the authority of the court. In punishing contempt, the Judiciary is sanctioning conduct that violates specific duties imposed by the court itself, arising directly from the parties' participation in judicial proceedings." *Young,* 481 U.S. at 799–800.

"In the rare case where a federal court initiates criminal contempt proceedings to vindicate its authority, that court 'request[s]' the U.S. Attorney to prosecute the charge." *Flint,* 791 F.3d at 769 (quoting *United States v. Providence Journal Co.,* 485 U.S. 693, 697, n.3 (1988)); *see also Young v. U.S. ex rel. Vuitton et Fils S.A.,* 481 U.S. 787 (1987). "If the U.S. Attorney declines (whether due to a conflict of interest or obstructionist behavior), the Supreme Court has instructed district courts to 'appoint' a disinterested private attorney as special prosecutor." *Flint*, 791 F.3d at 769 (citing *Providence Journal Co.,* 485 U.S. at 697, n.3).

### III. Discussion

As an initial matter, the Court notes that Field's allegations, if true, are deeply troubling. Nonetheless, these allegations do not fall within the purview of those "rare case[s]" where it is appropriate for a federal court to "initiates[] criminal contempt proceedings to vindicate its

3

authority." *Flint,* 791 F.3d at 769; *see also Providence Journal,* 485 at 697, n.3; *Young,* 481 U.S. at 799-800 (1987). As noted "judges are generally forbidden from undertaking tasks more properly accomplished by the executive branch . . . . [and] prosecution of crimes is a quintessentially executive function." *Flint,* 791 F.3d at 769 (quoting *Morrison,* 487 U.S. at 706); *see also,* 338 U.S. 49, 54 (1949). The Court understands that an Assistant United States Attorneys has reviewed the allegations and the evidence underpinning Field's motion and exercised his discretion not to prosecute. The Court itself did not witness the alleged behavior nor was the sentencing proceeding itself interrupted or impacted by the alleged conduct.

Contempt proceedings are "designed to serve the limited purpose of vindicating the authority of the court." *Young,* 481 U.S. at 799–800. Such proceedings are appropriate in narrow circumstances, namely where conduct "violates specific duties imposed by the court itself, arising directly from the parties' participation in judicial proceedings." *Id.* Here, Field has made no showing that (i) this Court's sentencing of Ayman Shahid was disrupted by the alleged conduct; (ii) the "administration of justice" was otherwise obstructed, 18 U.S.C. § 401; or (iii) the conduct was "committed with the required degree of criminal intent." *In re Sealed Case*, 627 F.3d at 1237 (quoting *McGainey,* 37 F.3d at 684); *see also American Airlines,* 968 F.2d at 531. The record thus does not show conduct which "violates specific duties imposed by the court itself, arising directly from the parties' participation in judicial proceedings." *Young,* 481 U.S. at 799–800. Notably, Field does not identify any "specify duties imposed" by this Court which were allegedly violated.[2] Finally, Field, Fatima Shahid, and Gyi were not parities to or participants in the sentencing of Ayman Shahid. Accordingly, the Court finds that initiating criminal contempt proceedings would not be appropriate and **DENIES** Field's motion.

---

[2] Field further argues that the alleged conduct was designed to intimidate Field as a witness in an employment lawsuit filed in San Diego Superior Court by Fatima Shahid against Field's employer, Applications International Corporation. Even if true this fact does not help Field. Under 18 U.S.C. § 401, a "court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such *contempt of its authority, and none other* . . . ." (Emphasis supplied.) Accordingly, this Court may not initiate criminal contempt proceedings to punish contempt of *another* court, namely San Diego Superior Court.

## IV. Conclusion

For the reasons discussed above, Field's motion is **DENIED**.

This terminates Dkt. No. 105.

**IT IS SO ORDERED.**

Dated: October 12, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Judge